In re FORMICA CORP., et al., Debtor.

David Schneider, Plaintiff,

v.

Frank A. Riddick III, et al., Defendants.

No. 03CV2551 (JGK).

United States District Court,
S.D. New York.

Feb. 5, 2004.

## OPINION and ORDER

KOELTL, District Judge.

The defendants in this action are current and former directors of the debtor, Formica Corporation ("Formica"). The plaintiff, a former officer of Formica, has sued the defendants for various causes of action arising out of the alleged wrongful interference with his employment contract that allegedly caused a loss of $5,135,000. The plaintiff has now moved pursuant to 28 U.S.C. § 157(d) to withdraw the reference of this action to the bankruptcy court. The plaintiff argues that this action is a non-core proceeding, that the plaintiff is entitled to a jury trial, and that in the interests of efficiency and uniformity, the action should proceed before this Court rather than the bankruptcy court. The plaintiff also argues that this Court lacks jurisdiction over the action because it is not properly properly "related to" the bankruptcy proceeding. *See* 28 U.S.C. § 1334(b).

## I.

The following facts are as alleged in the parties' papers. The plaintiff's complaint states that he was employed as Vice President, Chief Financial Officer, and Secretary of Formica beginning in May 1998 and allegedly was terminated on February 14, 2002 after having his duties and responsibilities severely reduced. (*See* Compl. ¶¶ 19–20, 27, attached at Aff. of David Schneider in Support of Mot. to Withdraw the Reference ("Schneider Aff."), dated Mar. 28, 2003, Ex. A.) On March 5, 2002, Formica filed for chapter 11 bankruptcy, and, on August 23, 2002, the plaintiff filed a Proof of Claim in the Formica bankruptcy case for $5,135,000 for breach of his employment contract. (*See* Schneider Aff., Ex. F (Proof of Claim, dated Aug. 23, 2002), Ex. G (Order, dated Jan. 7, 2003).)

On November 27, 2002, the plaintiff brought a separate action against the defendants, who were directors of Formica, in the New York State Supreme Court, New York County. The Complaint stated claims arising out of alleged wrongful interference with the plaintiff's contract and sought $5,135,000 in compensatory damages, including lost benefits under the "SERP"—a retirement plan maintained by Formica. (*See generally* Compl.) On December 23, 2002, pursuant to 28 U.S.C. §§ 1334(b) and 1452(a) and Fed. R. Bankr.P. 9027, the defendants removed the action from state court to this Court based on the action's alleged relation to the Formica bankruptcy case. (*See* Notice of Removal ¶ 6, attached at Schneider Aff., Ex. B.) The defendants also asserted the right to remove the case pursuant to the Court's federal question jurisdiction, *see* 28 U.S.C. §§ 1331, 1441, because the action raised benefit claims under a plan allegedly covered by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1002(2)(A), 1003(a). (*See id.* ¶ 7.)

The plaintiff attempted to prevent the referral of the case to the bankruptcy court. On January 13, 2003, the plaintiff filed a demand for a jury trial pursuant to Rule 38 of the Federal Rules of Civil Procedure. (*See* Schneider Aff., Ex. C (Jury Demand).) The plaintiff then wrote a letter to this Court asking the Court to deny a referral to the bankruptcy court based on the plaintiff's right to a jury trial and concerns of judicial economy. In an Order

dated January 23, 2003, this Court explained that the case would be automatically referred to the bankruptcy court and indicated that any motion to withdraw would be premature until the bankruptcy court first determined whether the case was a core or non-core proceeding. (*See* Schneider Aff., Ex. D (Order).) This Court thus denied the plaintiff's motion without prejudice to the plaintiff's ability to make a motion to withdraw the reference at an appropriate time. (*Id.*)

The defendants represent that on January 28, 2003, they filed their motion to dismiss the Complaint, or in the alternative, to stay the adversary proceeding. After filing his response but before argument of the motion had taken place, the plaintiff, on April 10, 2003, filed this motion to withdraw the bankruptcy court reference pursuant to 28 U.S.C. § 157(d). On June 11, 2003, upon argument before the bankruptcy court on the motion to dismiss, the bankruptcy court found that the plaintiff's case was a non-core proceeding, and it adjourned the motion to dismiss pending action by this Court on the motion to the withdraw the reference. (*See* June 11, 2003 Tr. at 22–25.)

Meanwhile, the plaintiff's Proof of Claim is pending in bankruptcy court.[1] On November 20, 2003, the debtor, Formica, filed an objection to the plaintiff's claim, and on December 23, 2003, the plaintiff filed a response to the debtors' objection. (*See* Resp. of David T. Schneider to Debtors' Objection to the Claims Filed by David T. Schneider, *In re Formica Corporation*, Ch. 11 Case No. 02–10969 (Bankr.S.D.N.Y. filed Dec. 23, 2003) ("Schneider Resp.").) In the response, the plaintiff raised against the debtor many of the same allegations raised against the defendants in the Complaint, including: that the plaintiff "was kept completely in the dark about the financial status and strategic restructuring plans of the [Company/Debtors]," that he complained about "his continued exclusion from critical meetings and correspondence," and that he was terminated as "a result of the severe reduction by Formica of his duties and responsibilities as Vice President and CFO." (*Compare* Compl. ¶¶ 25–27 *and* Schneider Resp. ¶¶ 7–9.) A hearing on the Proof of Claim in the bankruptcy court has been scheduled for March 3, 2004. In other respects, the Formica bankruptcy is proceeding pursuant to a reorganization plan dated November 17, 2003 and confirmed by the bankruptcy court on January 13, 2004.

## II.

In relevant part, 28 U.S.C. § 157(d) provides: "The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown." While the statute does not define the phrase "for cause," courts have focused on considerations of judicial economy and uniformity in the administration of bankruptcy law. *See, e.g.,* *Orion Pictures Corp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.),* 4 F.3d 1095, 1101 (2d Cir.1993); *Hunnicutt Co. v. TJX Cos. (In re Ames Dep't Stores, Inc.),* 190 B.R. 157, 162 (S.D.N.Y.1995); *Times Circle E., Inc. v. Edward Isaacs & Co. (In re Times Circle E., Inc.),* No. 95 Civ. 2838, 1995 WL 489551, at *1 (S.D.N.Y. Aug. 15, 1995). Under the framework established by the Court of Appeals for the

---

1. On January 7, 2003, the Bankruptcy Court issued an Order approving the debtors' rejection of the employment contract of the plaintiff, David Schneider. (*See* Schneider Aff. Ex. G (Order).) As was clarified at the argument of the motion, that Order did not reject the plaintiff's claim against the debtor based on the alleged breach of his employment contract.

Second Circuit, the threshold question is whether the case involves a core or non-core proceeding, "since it is upon this issue that questions of efficiency and uniformity will turn." *Orion*, 4 F.3d at 1101. After the district court "makes the core/non-core determination, it should weigh questions of efficient use of judicial resources, delay and costs to the parties, uniformity of bankruptcy administration, the prevention of forum shopping, and other related factors," such as the presence of a jury demand. *Orion*, 4 F.3d at 1101; *see also Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y.1992).

■ In this case, the parties agree, and the bankruptcy court so held, that the plaintiff's action is a non-core proceeding. (*See* June 11, 2003 Tr. at 22–23.) As a non-core proceeding, the plaintiff has a right to a jury trial, and he has demanded one. *See Orion*, 4 F.3d at 1101 (holding that Constitution prohibits bankruptcy courts from holding jury trials in non-core matters). The plaintiff argues that his right to a jury trial compels withdrawing the reference. The plaintiff also argues that judicial economy weighs in favor of proceeding entirely in this Court because, due to the non-core nature of the proceeding, this Court would have to review *de novo* any bankruptcy court determinations, such as a granting of the motion to dismiss. *See Orion*, 4 F.3d at 1101 (noting that when matter is non-core, right to jury trial and judicial economy, because of need for *de novo* review, may weigh in favor of withdrawing reference).

■ While the plaintiff has a right to a jury trial, such a right does not compel withdrawing the reference until the case is ready to proceed to trial. *See Ames Dep't Stores*, 190 B.R. at 163; *Gioia Gucci v. Gucci*, No. 96 Civ. 8216, 1997 WL 122838, at *1 (S.D.N.Y. Mar. 17, 1997) (stating that

while case must be returned to district court for jury trial, "at the present infant stage of the proceedings" withdrawal is discretionary and based on concerns of judicial economy); *Kenai Corp.*, 136 B.R. at 61 ("A rule that would require a district court to withdraw a reference simply because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy favoring judicial economy that underlies the statutory scheme. . . ."). The decision of whether and when to withdraw a reference still depends on case-sensitive factors, including whether the case is likely to reach trial and whether it will require extensive discovery and court oversight. *See Orion*, 4 F.3d at 1101–02; *Ames Dep't Stores*, 190 B.R. at 162–63; *Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748, 761 (S.D.N.Y.1994) (stating that if there is right to jury trial, court must consider "whether judicial efficiency and uniformity will be promoted by allowing the bankruptcy court to manage the proceeding until the case becomes ready for trial"); *Kenai Corp.*, 136 B.R. at 61.

■ In this case, proceeding in the bankruptcy court until trial will promote the interests of efficiency and economy consistent with the uniform administration of the bankruptcy laws. *See generally Ames Dep't Stores*, 190 B.R. at 162–64. The plaintiff's contention that this Court would have to review any bankruptcy court determination *de novo* carries little weight in light of the litigation already occurring before the bankruptcy court. *See id.* at 163. The defendants have already moved to dismiss this action before the bankruptcy court. That motion is fully briefed, and indeed the bankruptcy court heard argument, although the plaintiff used that argument in large part to argue to stay that motion or to withdraw the reference. Certainly judicial economy is served by having

the bankruptcy court decide that fully briefed motion, even though bankruptcy court decisions are reviewable in the district court according to the standards that affect such appeals. *See Ames Dep't Stores,* 190 B.R. at 164 (rejecting argument about *de novo* review where motions for summary judgment were fully briefed and pending before bankruptcy court).

Moreover, if the claim proceeds, discovery and other pretrial management will be handled most efficiently by the bankruptcy court. The plaintiff's Proof of Claim against the debtor is still pending in the bankruptcy court, and it is largely identical to the claims against the defendants, at least with respect to the underlying facts alleged. (*Compare* Compl. ¶¶ 18–28 *and* Schneider Resp. ¶¶ 1–15.) The bankruptcy court is most familiar with issues involving Formica's operations and the events leading up to the plaintiff's alleged termination, and it scheduled to hear argument on the debtor's objections to the Proof of Claim in March 2004. It is plainly in the interest of judicial economy that the plaintiff's claims against the debtor and the defendants proceed before the same judge for all issues short of trial. *See Times Circle E.,* 1995 WL 489551, at *3 (declining to withdraw reference because "[t]he case is far from trial ready, 'significant' and time consuming discovery may be necessary, and the bankruptcy court is familiar with the issues faced by the [debtor's] estate").

The interests of efficiency and uniformity also weigh against withdrawal because the resolution of this action could have significant implications for the estate of the debtor. The defendants represent that they have contractual indemnification rights against the debtor and that this will thus be a significant issue for the debtor and the administration of the debtor's estate. While the plaintiff has argued that no claim for indemnification had been filed, at the argument of the motion, the debtor made it clear that four out of the six defendants will have indemnification rights under the reorganization plan. Given the potential impact on the bankruptcy estate, uniformity and judicial economy will be promoted by having the bankruptcy court manage the case for all purposes short of trial.

■ Finally, the defendants correctly point out that the plaintiff's actions raise the specter of forum shopping. The plaintiff filed a Proof of Claim in bankruptcy court but then filed a separate action alleging essentially the same claim in state court. Then, although the plaintiff initially opposed the referral of the action, he delayed in submitting a motion to withdraw the reference until substantially after the motion to dismiss was filed in the bankruptcy court. As Judge Wood has noted, courts should employ withdrawal "judiciously in order to prevent it from becoming just another litigation tactic for parties eager to find a way out of bankruptcy court." *Kenai Corp.,* 136 B.R. at 61.

The considerations in this case, therefore, indicate that the motion to withdraw the reference should be denied at this time. Because the Court has denied the motion to withdraw the reference, the bankruptcy court should decide in the first instance any motion to dismiss for lack of subject matter jurisdiction. The notice of motion in this case did not explicitly make a motion to dismiss for lack of subject matter jurisdiction, although the plaintiff did address the issue in his brief. In any event, the case remains pending before the bankruptcy court. It should, however, be noted that the defendants urge that there is also jurisdiction in this case under ERISA because the plaintiff alleges that he was denied his benefits under an ERISA plan. These issues should be de-

cided in the first instance by the bankruptcy court.

## Conclusion

For the reasons explained above, the motion to withdraw the reference to the bankruptcy court is denied with leave to renew if and when the case is ready for trial.

**SO ORDERED.**