In re ENRON CORPORATION, et al., Debtors.

Enron Corporation, Plaintiff,

v.

The Belo Company, Defendant.

No. 04 Civ. 1861(MBM).

United States District Court, S.D. New York.

Nov. 2, 2004.

Michael Schatzow, Richard L. Wasserman, Robert L. Wilkins, Venable LLP, Baltimore, MD, Albert Togut, Frank A. Oswald, Scott E. Ratner, Togut, Segal & Segal LLP, New York, NY, for Plaintiff.

Peter A. Franklin III, Doug Skierski, Locke, Liddell & Sapp LLP, Dallas, TX, Janice B. Grubin, Wormser, Kiely, Galef & Jacobs LLP, New York, NY, for Defendant.

## AMENDED OPINION AND ORDER

MUKASEY, Chief Judge.

Pursuant to 28 U.S.C. § 157(d), defendant Belo Company ("Belo") moves to withdraw the reference to the United States Bankruptcy Court for this District of this adversary proceeding in which plaintiff and bankruptcy debtor Enron Corporation ("Enron") seeks recovery of certain payments it alleges were made to Belo as either preferential or fraudulent. For the following reasons, Belo's motion is denied.

### I.

According to Enron's complaint, from October 26 through November 6, 2001, Enron paid out more than one billion dollars to redeem certain commercial paper before its stated maturity date. (Am. Compl.¶ 1). Holders of this commercial paper urged Enron to do this in light of announcements in October 2001 that Enron had charged one billion dollars against its third quarter 2001 earnings, that the Securities and Exchange Commission had commenced an investigation of Enron's accounting practices, and that rating agencies were planning downgrades of Enron's debt ratings. (*Id.* at ¶ 1–2) Enron eventually filed for bankruptcy on December 2, 2001. (*Id.* at ¶ 6) Enron claims that the above prepayments and redemptions directly contravened the terms of the original issuing documents and by depleting Enron's estate, unfairly preferred these commercial paper holders over other general unsecured creditors. (*Id.* at ¶ 3) On November 6, 2003, Enron sued over one hundred such commercial paper holders, including Belo, in Bankruptcy Court to recover prepayments and early redemptions. On February 10, 2004, Belo filed this motion to withdraw the reference to the Bankruptcy Court.

### II.

This court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(d). Under a standing order issued in July 1984 by then-Acting Chief Judge Ward pursuant to 28 U.S.C. § 157(c), all Chapter 11 cases in the Southern District of New York are automatically referred to this district's bankruptcy judges. A party may move to withdraw the reference to the Bankruptcy Court pursuant to 28 U.S.C. § 157(d), which states:

> The district court may withdraw, in whole or in part, any case or proceeding referred under this section, on its own motion or on timely motion of any party, for cause shown. The district court shall, on timely motion of a party, so withdraw a proceeding if the court determines that resolution of the proceeding requires consideration of both title

11 and other laws of the United States regulating organizations or activities affecting interstate commerce.

28 U.S.C. § 157(d). Belo does not argue for mandatory withdrawal of the instant proceeding under the second sentence of Section 157(d). Instead, defendant contends that its right to a jury trial in district court is "cause" for permissive withdrawal of the reference under the first sentence.

■ The Second Circuit in *Orion Pictures Corp. v. Showtime Networks (In re Orion Pictures Corp.)*, 4 F.3d 1095, 1100–01 (2d Cir.1993) created an analytical framework for determining what constitutes "cause" to withdraw a case from bankruptcy court. The first step of that analysis is to decide whether the claims or proceeding are "core" or "non-core," largely because it is upon this issue that other relevant "questions of efficiency and uniformity will turn." *Id.* at 1101. Congress has codified the core/non-core distinction in 28 U.S.C. § 157(b): "Bankruptcy judges may hear and determine all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11,...." 28 U.S.C. § 157(b)(1). It also set forth a nonexhaustive list of 15 types of core proceedings. 28 U.S.C. § 157(b)(2).

■ In general, "core matters are ones with which the bankruptcy court has greater familiarity and expertise, subject to appellate review by the district court." *LTV Steel Co. v. Union Carbide Corp. (In re Chateaugay Corp.)*, 193 B.R. 669, 675 (S.D.N.Y.1996). "Non-core matters are those in which the district court is more proficient, and which the district court reviews de novo." *Id.* "Courts in this Circuit construe 'core' jurisdiction broadly to honor the intent of Congress and to avoid overwhelming the district court with bankruptcy matters." *Id.* (citing *Ben Cooper,*

*Inc. v. Ins. Co. of the State of Pennsylvania (In re Ben Cooper, Inc.)*, 896 F.2d 1394, 1398–99 (2d Cir.1990)).

■ After making the core/non-core determination, the court must consider "judicial economy, delay and cost to the parties, uniformity of bankruptcy administration, forum shopping, and other related factors to determine if permissive withdrawal is warranted." *Id.* at 677 (citing *Orion,* 4 F.3d at 1101).

### III.

■ Belo concedes that Enron's claims are core claims, (Belo's Mem. of Law Supp. Mot. Withdraw the Reference n. 1), as they fall within at least two classes of core proceedings designated by Congress to be within the bankruptcy courts' jurisdiction. *See* 28 U.S.C. § 157(b)(2)(F) ("proceedings to determine, avoid, or cover preferences"); *see id.* at § 157(b)(2)(H) ("proceedings to determine, avoid, or recover fraudulent conveyances").

However, Belo asserts that its right to a jury trial in district court warrants withdrawing the reference. Belo stresses that it has not filed a proof of claim in Enron's bankruptcy proceeding and will not consent to a jury trial held by the Bankruptcy Court.

Several decisions in this district have recognized that a jury demand by itself does not constitute "cause" for permissive withdrawal of the reference. In doing so, these decisions have emphasized the efficient use of judicial resources. *See, e.g., Bianco v. Hoehn (In re Gaston & Snow)*, 173 B.R. 302, 307 (S.D.N.Y.1994); *Hassett v. BancOhio Nat'l Bank (In re CIS Corp.)*, 172 B.R. 748, 761–62 (S.D.N.Y.1994); *Kenai Corp. v. Nat'l Union Fire Ins. Co. (In re Kenai Corp.)*, 136 B.R. 59, 61 (S.D.N.Y. 1992). "A rule that would require a district court to withdraw a reference simply

because a party is entitled to a jury trial, regardless of how far along toward trial a case may be, runs counter to the policy of favoring judicial economy that underlies the statutory bankruptcy scheme." *Kenai,* 136 B.R. at 61.

■ Accordingly, it does not automatically follow from Belo's jury demand that the reference must be withdrawn, at least at this time. Rather, the important *Orion* factors of judicial economy and uniform administration of Enron's bankruptcy weigh heavily in favor of denying Belo's motion without prejudice and allowing the Bankruptcy Court to continue managing this case. The Bankruptcy Court's unique familiarity with the facts and law relating to Enron's bankruptcy will allow it to resolve this dispute more efficiently than would a court completely new to the case. *See Orion,* 4 F.3d at 1101 ("[H]earing core matters in a district court could be an inefficient allocation of judicial resources given that the bankruptcy court generally will be more familiar with the facts and issues.").

■ Moreover, withdrawal at this stage of the proceeding would be premature. *See Schneider v. Riddick (In re Formica Corp.),* 305 B.R. 147, 150 (S.D.N.Y.2004) ("While the plaintiff has a right to a jury trial, such a right does not compel withdrawing the reference until the case is ready to proceed to trial."); *Hunnicutt Co. v. TJX Cos. (In re Ames Dep't Stores),* 190 B.R. 157, 162 (S.D.N.Y.1995) ("withdrawal of the reference ... still depends on the particular circumstances of each case, including whether the case is likely to reach trial"). In deciding whether to withdraw a case from bankruptcy court based on a jury demand, courts must consider (1) whether the case is likely to reach trial, *see Orion,* 4 F.3d at 1102; (2) whether protracted discovery with court oversight will be required, *see id.*; and (3) whether the

bankruptcy court is familiar with the issues presented. *See Kenai,* 136 B.R. at 61. This case is still in the early stages and because of the large number of defendants and unresolved pre-trial matters, especially discovery, one can only speculate when it will proceed to trial, if at all. The Bankruptcy Court has presided over this case for almost one year, is already familiar with Enron's claims, and thus is best equipped to handle discovery and other pretrial matters. Again, judicial economy favors denial of Belo's motion to withdraw the reference.

Neither party has made allegations of forum shopping worthy of discussion.

\*　　\*　　\*　　\*　　\*　　\*

For the reasons set forth above, Belo's motion to withdraw the reference is denied without prejudice.

SO ORDERED: